UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

v.

GORDON RIDDICK,
                               Defendant.
--------------------------------------------------------x

**ORDER**

17 CR 505-17 (VB)

      In an undated letter docketed on May 22, 2020, defendant Gordon Riddick informs the Court why he believes a reduction of his sentence is warranted and requests the Court appoint him counsel "to handle my motion for compassionate release." (Doc. #399). The Court construes defendants' submission as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and a request for counsel.

      Section 3582(c)(1)(A)(i) authorizes the Court to reduce a term of imprisonment previously imposed for "extraordinary and compelling reasons." However, the statute contains an explicit exhaustion requirement that must be complied with <u>prior</u> to the filing of such a motion: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

      Defendant does not claim to have exhausted his administrative rights. The Court does not have the power to waive the exhaustion requirement. <u>See, e.g.</u>, <u>United States v. Ogarro</u>, 2020 WL 1876300, at *3-5 (S.D.N.Y. Apr. 14, 2020); <u>United States v. Roberts</u>, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

      Moreover, "[t]here is no constitutional right to counsel for a motion for a reduction of sentence pursuant to § 3582(c)." <u>United States v. La Rosa</u>, 2016 WL 5921827, *2 (S.D.N.Y. Oct. 11, 2016) (citing <u>United States v. Reddick</u>, 53 F.3d 462, 464–65 (2d Cir. 1995) (holding there is no statutory right to counsel for a motion for reduction of sentence under the Criminal Justice Act). To the contrary, whether to appoint counsel is subject to the Court's discretion. (<u>Id</u>.). Here, because defendant's submission does not even mention exhaustion, there is no basis to conclude that counsel would be of assistance to defendant at this time.

      Accordingly, defendant's motion for a reduction of sentence and request for counsel are DENIED WITHOUT PREJUDICE to refiling after defendant demonstrates that the exhaustion requirement has been satisfied.

Chambers will mail a copy of this Order to defendant at the following address:

Gordon Riddick, Reg. No. 79446-054
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Dated: June 1, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti, U.S.D.J.