UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :      **MEMORANDUM**
v.                                       :      **OPINION AND ORDER**
                                         :
GORDON RIDDICK,                          :      17 CR 505-17 (VB)
                      Defendant.         :
--------------------------------------------------------------x

      Now pending is defendant Gordon Riddick's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his term of imprisonment in light of the current COVID-19 pandemic.  (Doc. #399).

      For the following reasons, the motion is DENIED.

      The COVID-19 pandemic is an unprecedented worldwide catastrophe.  But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like Riddick, whose medical conditions and risk of serious complications if he were to contract the virus cannot, by any reasonable definition, be deemed "extraordinary and compelling."  See 18 U.S.C. § 3582(c)(1)(A)(i).

      First, Riddick's offense was exceptionally serious.  Riddick was a member of a violent street gang in Poughkeepsie, New York, that engaged in drug trafficking, robbery, murder, and other acts of violence.  Riddick was involved in the gang's distribution of heroin and marijuana and carried a 9-millimeter handgun in connection therewith.  On April 9, 2014, Riddick and other gang members armed themselves and went looking for gang rivals to shoot.  Although at least one of his fellow gang members opened fire on the rival gang members, Riddick was intercepted by police officers, after a foot pursuit, before he arrived at the location of the shooting.  At the time of his arrest in this case, Riddick was on probation following his conviction for felony criminal possession of a controlled substance.

Riddick pleaded guilty to one count of possession of a firearm in furtherance of a narcotics trafficking conspiracy and stipulated to a Sentencing Guidelines range of sixty months' imprisonment. The sentencing range was also the statutory mandatory minimum.

On May 24, 2019, after careful consideration of all the 18 U.S.C. § 3553(a) factors, the Court imposed the mandatory minimum sentence of sixty months' imprisonment, to be followed by a three-year term of supervised release. At sentencing, the Court considered, among other things, Riddick's troubled upbringing, prior drug abuse, and family support, and concluded the sentence imposed was sufficient but not greater than necessary to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and, importantly, protect the public from further crimes of the defendant.

Riddick has been detained since his arrest on August 17, 2017. To date, he has served thirty-five months of his sentence, or about fifty-eight percent of the sentence imposed.

Second, Riddick has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account critical data such as his medical history. Riddick is twenty-six years old. He is not elderly. He has the sickle cell trait, but does not suffer from sickle cell anemia. According to his Bureau of Prisons ("BOP") medical records, Riddick is also pre-diabetic, but does not have diabetes. His medical records further indicate BOP medical staff has consistently monitored his health. Moreover, Riddick does not suffer from hypertension, chronic lung problems, or any cardiovascular, cardiopulmonary, or respiratory ailments—conditions that would place Riddick at a higher risk of complications from COVID-19. In short, his health is stable.

Of course Riddick is at risk for contracting the virus at Federal Correctional Institution ("FCI") Schuylkill, or anywhere else. However, the Court is persuaded by the government's submission that FCI Schuylkill has taken substantial measures to respond to the COVID-19 threat at its facility and has the means to competently care for its inmate population. Indeed, there has been one inmate with a positive COVID-19 test at FCI Schuylkill,[1] and there is currently one active case of COVID-19 among inmates and staff.[2] Accordingly, Riddick's risk of exposure, while not zero, is low. And Riddick has not established that he would be less likely to contract the virus if he were released.

Riddick also argues he should be released so he "can be with [his] family" during the pandemic, including his seven-year-old daughter, who suffers from sickle cell anemia, and his mother, who has HIV and breast cancer. (Doc. #399 at ECF 1).[3] Although unfortunate, the health of Riddick's mother and daughter does not constitute an "extraordinary and compelling reason" to reduce Riddick's sentence. See U.S.S.G. § 1B1.13 cmt. 1(C) (providing policy guidance on "family circumstances" that may constitute extraordinary and compelling circumstances warranting the Court's consideration to reduce an inmate's sentence: (i) death or incapacitation of the caregiver of the defendant's minor child or minor children, and (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner).

---

[1] See COVID-19 Inmates Test Information, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 15, 2020).

[2] See COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 15, 2020).

[3] "Doc. #__ at ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable," none of which supports Riddick's early release. The serious nature of Riddick's offense warranted the sentence at the time it was imposed; those same factors counsel strongly against cutting that sentence by almost half. Moreover, the sentence was designed to promote respect for the law and provide just punishment for the offense. To dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law. And shortening Riddick's sentence by almost half would undermine two other critical sentencing objectives in this case: the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Riddick's early release.

Accordingly, defendant Gordon Riddick's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

> Gordon Riddick
> Reg. No. 79446-054
> Federal Correctional Institution Schuylkill
> P.O. Box. 759
> Minersville, PA 17954-0759

Dated: July 16, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge