UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,              :
                                       :
v.                                     :     **ORDER**
                                       :
                                       :     17 CR 505-17 (VB)
GORDON RIDDICK,                        :
                         Defendant.    :
--------------------------------------------------------------x

By Memorandum Opinion and Order dated July 16, 2020, the Court denied defendant Gordon Riddick's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Riddick has now renewed his motion for compassionate release, reiterating all the arguments he previously made and adding that the COVID-19 epidemic has gotten worse in the last six months.

The motion is DENIED.

First, the underlying circumstances of Riddick's offense and the reasons why his sixty-month jail sentence was fair and appropriate remain the same. Riddick was a member of a street gang engaged in drug trafficking and acts of violence. He carried a 9-millimeter handgun in connection with the gang's distribution of heroin and marijuana. On April 9, 2014, Riddick and other gang members were involved in an attempted shooting of rival gang members. When arrested in the instant case, Riddick was on probation following his felony conviction for criminal possession of a controlled substance.

Riddick pleaded guilty to one count of possession of a firearm in furtherance of a narcotics trafficking conspiracy and was sentenced to the mandatory minimum of sixty months' imprisonment. In light of the serious nature of the offense and Riddick's criminal history, the sentence imposed was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Moreover, in its previous decision, the Court noted that Riddick was a young man in general good health, and that he does not suffer from any conditions that would place him at a higher risk of complications from COVID-19. His updated medical records do not show otherwise, and there is nothing in his medical records to support his claim that he has a "weak immune system."[1] The records also show that the Bureau of Prisons medical staff has consistently monitored his health. In short, Riddick has not demonstrated extraordinary and compelling reasons warranting his early release based on his medical history.

Further, although FCI Schuylkill, where Riddick is housed, did experience a recent increase in COVID-19 cases, only a small percentage of the facility's inmates have tested

---

[1] According to Riddick's presentence report ("PSR"), prepared April 2, 2019, Riddick told the Probation Department he was in good physical health.

1

positive, and none have died.  See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Jan. 26, 2021).  Indeed, Riddick's medical records show he tested negative twice in December 2020.  And there is no indication that if he were to contract the disease, FCI Schuylkill would be unable to provide effective medical care.  It is important to note that the risk of infection, by itself, does not constitute an extraordinary and compelling reason for release.  If it did, the entire inmate population of a facility like FCI Schuylkill would be released.

In the instant motion, Riddick also reiterates his previous arguments that he would like to be home to help take care of his daughter and mother, both of whom have serious health issues.[2]  The Court is sympathetic to Riddick's concerns.  But, as the Court previously observed, Riddick's desire to be with his family does not constitute an extraordinary or compelling reason warranting his release under the circumstances.

Finally, Section 3582(c)(1)(A) mandates that the Court consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  The Court has done so here.  Riddick's sentence was designed to reflect the serious nature of the offense, promote respect for the law, provide just punishment, deter Riddick and others from committing similar crimes, and protect the public.  Riddick has served approximately forty-one months of a sixty-month sentence, or roughly two-thirds of the sentence imposed.  Cutting the sentence by approximately one-third would neither promote respect for the law nor provide just punishment.  Nor would it afford adequate deterrence or sufficiently protect the public from further crimes of the defendant.  These sentencing factors supported the sentence at the time it was imposed, and they weigh strongly against Riddick's early release.

Accordingly, Gordon Riddick's renewed motion for compassionate release is  DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Gordon Riddick
Reg. No. 79446-054
Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

Dated:  January 26, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2]  According to the PSR, Riddick's daughter is cared for by her mother, who has full custody of the child.